WALTER BRADSHAW, Respondent, v. STANDARD OIL COMPANY, Appellant.

Kansas City Court of Appeals, July 8, 1918.

NEGLIGENCE: Fellow-Servant: Vice-principal. Defendant's general foreman instructed plaintiff, who worked for defendant, to help another employee, a servant in another line of work. The general foreman told the other servant to tell plaintiff what to do and the foreman told plaintiff to do as the other servant directed. While in the act of lighting the gas under refining stills, an act unfamiliar to plaintiff and a work in which the other servant was instructing plaintiff at the time, the other servant turned

on the gas before a signal was given by plaintiff and an explosion occurred injuring the latter. It was *held*, that under the circumstances related in evidence it was for the jury to say whether or not the other servant was at the time of the accident acting in the capacity of a fellow-servant or a vice-principal and whether such other servant was acting in a dual capacity at the time of the injury.

Appeal from Jackson Circuit Court.—*Hon. William O. Thomas*, Judge.

AFFIRMED.

*J. W. Patterson, O. J. Chapman* and *C. R. Leslie* for respondent.

*John H. Lucas* and *William C. Lucas* for appellant.

BLAND, J.—Plaintiff recovered a verdict and judgment on account of damages for personal injuries received by him on the 23rd day of October, 1915, while in the employ of the defendant, and the latter has appealed. The facts show that about three years before the accident plaintiff was in the employ of the defendant and at that time worked for two or three months; that he quit the company and afterwards was employed by the Independence Ice & Cold Storage Company where he worked as an oiler and at different times as a fireman. In the month of October, 1915, he returned to the employ of the defendant and applied for work as a fireman. He went to work for the defendant in a labor gang but was "working up or working in to be a fireman."

Prior to the time plaintiff was injured one Walgenbach and another employee were engaged in firing stills in defendant's refinery located at Sugar Creek, Missouri. Walgenbach's fellow employee for some reason was not working the day of the accident and the general foreman took plaintiff down to the stills and said to Walgenbach. "Here is a man that will help you." "You will tell him what to do." And

199 M. A.—44.

the general foreman turned to plaintiff and said, ''Do as he tells you to do.'' Plaintiff was regularly engaged on the day shift which began at 8:00 A. M. and ended at 4:00 o'clock P. M. of that day. He was directed by the foreman to help Walgenbach who was working on the night shift which began at 4:00 o'clock P. M. and ended at 10:30 P. M.

These stills consisted of large tanks containing oil to be refined. They were about twenty-five or thirty feet in length and six or eight feet in diameter and were arranged in batteries of either five (5) or ten (10) stills each, placed side by side. The oil was heated by means of a coal box at the front and a gas burner at the rear of the still. Two men called pressure still firemen, worked together under a common foreman; one man turned on the gas at the front end of the tanks by means of a ''globe valve'' while the other at the other end, by means of a torch or lighter consisting of a piece of wire about four feet long with a ball of oiled waste on its end, lighted the gas. The torch was inserted from the opposite end from the ''globe valve'' into a hole six inches in diameter, called a sleeve, the outside opening of which standing about four feet high and running back through the sleeve to the burner. The burner was lighted by one man putting the lighted torch through the sleeve back toward the burner. After which he stood back and called to the valve man to turn on the valve and upon the valve being turned the burner was lighted.

After the general foreman instructed plaintiff to work under Walgenbach the latter told plaintiff what to do and they went ahead and worked together from four o'clock in the afternoon until about ten o'clock that night, doing such work as cleaning the fire boxes from under five or six stills, tightening up the nuts on the still heads, coaling up the furnaces, etc. About 10:00 P. M. they went down and lighted the coal (as before stated, the stills were heated by coal fires under one end and gas fires under the other), and then

tightened up more bolts, after this they went to work lighting the gas under the furnaces.

Plaintiff had never had any experience in lighting gas under furnaces but had had experience in lighting coal under stills. Before they started to light the gas under the stills Walgenbach gave plaintiff a torch which they lighted and Walgenbach said, "I will turn on the gas because I know about it more than you do; you go back and stick your lighter in and I will turn the' gas on," and plaintiff was to holler "All right" when he put the lighter in. Plaintiff inserted the lighter under the first still and gave the agreed signal and Walgenbach turned on the gas and it was properly lighted. The distance between plaintiff and Walgenbach was twenty-five or thirty feet. They then pro- ceeded to light another still but plaintiff's lighter was not burning bright enough so he shouted to Walgenbach to wait a minute, but Walgenbach, before plaintiff gave the signal "all right," turned on the gas and when plaintiff inserted the lighter there was an ex- plosion, resulting in plaintiff's injury. The general foreman remained on the premises and was about the work from time to time. There was another foreman whose duty it was to inspect the stills and he was back and forth also and passed plaintiff and Wal- genbach several times. Neither one of these foremen was present at the time of the accident nor were any further instructions given plaintiff or Walgenbach than those already mentioned.

Defendant contends, first, that Walgenbach was a fellow servant of plaintiff; and, second, that conceding that Walgenbach was a vice-principal of the defendant at the time of plaintiff's injury, his act was that of a fellow servant and not that of a vice-principal and that plaintiff assumed the risk of being injured by the negligent act of one acting as a fellow servant. There is no question but that Walgenbach became defendant's vice-principal when the general foreman told Walgenbach "You tell him" (plaintiff) "what to do," and told plaintiff, "Do as he" (Walgenbach)

"tells you to do." By these orders and directions Walgenbach was made defendant's vice-principal in the work to be done. [Burkard v. Rope Co., 217 Mo. 466; Dayharsh v. Railway, 103 Mo. 570; Markow v. Gross-O'Reilly Chandelier Co., 190 S. W. 624.]

Although the doctrine of dual capacity has been severely criticized there is no question but that it is the law in this State. One may be acting as a vice-principal and at the same time acting in a dual capacity, that is, also as a fellow servant. And inquiring into the question as to whether he is so acting it must be borne in mind that it is the character of the act and not the rank of the servant which determines the liability or non-liability of the master. [Fogarty v. Transfer Co., 180 Mo. 490; Rigsby v. Oil Well Supply Co., 115 Mo. App. 297; McIntyre v. Tebbetts, 257 Mo. 117; English v. Rand Shoe Co., 145 Mo. App. l. c. 450; Strother v. Milling Co., 261 Mo.] When the doctrine of dual capacity is urged, the question is, was the vice-principal at the time exercising some authority vested in him as such, or was he in the performance of a mere manual act of service incident to the common employment. [Stephens v. Lumber Co., 110 Mo. App. l. c. 405; English v. Rand Shoe Co., supra, l. c. 459; Fogarty v. Transfer Co., supra; Hawk v. Lumber Co., 166 Mo. 121; McIntyre v. Tebbetts, supra; Rigsby v. Oil Well Supply Co., supra, l. c. 314-315; Strother v. Milling Co., supra.]

Plaintiff was directed by the general foreman to work with Walgenbach and to do what Walgenbach told him to do. Walgenbach was also directed to tell plaintiff what to do. When they proceeded to the stills at Walgenbach's direction the latter directed and explained to plaintiff what he was to do. Thereafter they began to light the stills and had been at the work but a moment when the accident occurred. Walgenbach was instructing plaintiff how to do the work and under the circumstances it was for the jury to say whether he was pursuing that course at the time of the accident, although Walgenbach was waiting for

the signal from plaintiff to turn on the gas and was not saying anything to plaintiff in reference to the work. There was evidence for the jury as to whether Walgenbach was not engaged in teaching plaintiff the work at the time of the accident although he may not have been giving any specific direction at the very moment. Of course, if Walgenbach was at the time teaching plaintiff the work, the former was exercising the authority of a vice-principal. Whether Walgenbach was manifesting at the time the authority of a vice-principal was for the jury under all the facts in evidence. [Strother v. Milling Co., supra; Fogarty v. Transfer Co., supra; McIntyre v. Tebbetts, supra; English v. Rand Shoe Co., supra; Dayharsh v. Ry. Co., supra.]

There was no error in the giving and refusing of instructions and the verdict was reasonable.

The judgment is affirmed. All concur.